FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2010 DEC 21 AM 11:58

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KEVIN KLARELL WASHINGTON, )
)
    Plaintiff, )
)
v. ) CASE NO. CV408-181
)
UNITED STATES OF AMERICA, )
)
    Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 13), to which objections have been filed (Doc. 15). After a careful de novo review of the record, the Court can discern no meritorious grounds for relief. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case, and Plaintiff's 28 U.S.C. § 2255 Petition is **DENIED**.[1] The Clerk of Court is **DIRECTED** to close this case.

In his objections, Plaintiff continues to assert that the Government breached his plea agreement when the United States Probation Office recommended a two-level sentencing enhancement for obstruction of justice based on Plaintiff's attempt to elude prosecution by faking his death. It is

---

[1] Because they raise the same issues as his habeas petition, Plaintiff's Motion for Reconsideration (Doc. 10) and Motion to Amend/Correct (Doc. 16) are **DENIED**. As a result, Plaintiff's Motion for Hearing (Doc. 12) is **DISMISSED AS MOOT**.

true that the Government did "[a]gree there are no aggravating circumstances which would warrant an increase in the offense level under chapter 3, . . . Part C (obstruction) of the sentencing guidelines." (CR406-205, Doc. 61 at 2.) However, Plaintiff still fails to recognize that the United States Attorney's Office and the Probation Office are separate entities, despite numerous warnings provided both in the plea agreement[2] and during Plaintiff's entry of his guilty plea.[3] The Probation Office works for

---

[2] The plea agreement contained the following language:

> The defendant understands that the Court is not a party to this agreement [and] that the government can only make recommendations which are not binding on the Court . . . .
>
> The defendant further advises the Court that the defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U.S. Probation Office will consider <u>all</u> of defendant's conduct related to the offense to which he is pleading . . . , and that these facts will be considered by the Court in determining the defendant's sentence. . . . <u>The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney</u>.

(CR406-205, Doc. 61 at 4-5.)

[3] At Plaintiff's Rule 11 hearing, the Court informed him that "[t]he only matter remaining [is] that the Court will direct one of the probation officers <u>who are employees of the Court. They are not employees of the prosecutor.</u> They will go out and make a report. Then we will have sentencing." (CR406-205, Doc. 98 at 17 (emphasis added).)

the Court, not the United States Attorney's Office. A review of the record shows that the Probation Office's recommendation that Plaintiff receive the two-level enhancement for obstruction of justice was made independent of any input from the United States Attorney's Office. Therefore, that recommendation does not breach the promise contained in the plea agreement that the United States Attorney's Office would refrain from recommending that enhancement. As noted above, Plaintiff was warned of this possibility, which, to his detriment, came to pass. As a result, he is not entitled to the relief he seeks.

SO ORDERED this 30th day of November 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

The Court also advised Plaintiff that there were "certain things that will influence [Plaintiff's sentence]. . . . The role you played in any crime, if there was any obstruction of justice." (Id. at 31 (emphasis added).) Finally, Plaintiff was told that the Court did not "know what the prosecutor will recommend or the probation officer will recommend. But the Court is not bound by their recommendations." (Id. at 32 (emphasis added).)

3